(No. 43202.—

*In re* FEBRUARY 1970 COOK COUNTY GRAND JURY.—(THE PEOPLE OF THE STATE OF ILLINOIS *et al.,* Appellants, *vs.* THOMAS J. HUGHES, JR., *et al.,* Appellees.)

*Opinion filed Sept. 22, 1970.—Rehearing denied Dec. 3, 1970.*

KLUCZYNSKI, J., took no part.

WILLIAM J. SCOTT, Attorney General, of Springfield, (JAMES R. THOMPSON, JOEL M. FLAUM, ROBERT ATKINS, ROBERT COLEMAN and MORTON FRIEDMAN, Assistant Attorneys General, of counsel,) for appellants.

HARRY J. BUSCH and PATRICK A. TUITE, both of Chicago, for appellees.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

A special grand jury was empaneled by order of the presiding judge of the criminal division, Cook County circuit court, upon petition by the Attorney General of Illinois, to investigate possible violations of the Illinois Antitrust Act. (Ill. Rev. Stat. 1969, ch. 38, pars. 60—1 *et seq.*) At the outset of the grand jury investigation a *subpoena duces tecum* was issued calling for production of various material by Thomas J. Hughes, Jr., president of M. F. Hughes Coal & Oil Co. Two months thereafter, a petition was filed with the presiding judge by Hughes and the company, alleging that Hughes's personal secretary, while a witness before the grand jury, and at the urging of the grand jury foreman, had traveled to the corporate offices accompanied by two assistant Attorneys General, and secured documents and other material of both a business and personal nature, which she deposited with the grand jury. The petitioners sought, *inter alia,* the return of this property along with all notes and copies, and the suppression of all such material as evidence.

The Attorney General moved to strike the petition, generally on the grounds that the court was without authority to suppress and return the evidence. A second *subpoena duces tecum* was then issued, whereby Hughes and his secretary were called upon to produce the particular materials in issue. Following hearings at which the secretary and the grand jury foreman were questioned, the court entered orders suppressing the material and returning it to petitioners, and quashing the second *subpoena duces tecum.* The property was then impounded by the court, along with all notes and copies, pending the outcome of this appeal by the Attorney General.

The Attorney General predicates his right to review by appeal on our Rule 604(a) (1), which permits appeal by the State from an order suppressing evidence in "criminal

cases." (43 Ill.2d R. 604(a)(1).) Petitioners have moved to dismiss the appeal, contending that the grand jury proceedings, in which the orders were entered, do not constitute a criminal case, since, prior to the return of an indictment, there are neither issues nor parties, but simply "a secret investigation which may or may not result in the commencement of criminal proceedings." (*People* v. *Ryan*, 410 Ill. 496.) We agree that a grand jury investigation is not a criminal case within the meaning of Rule 604(a)(1), and that appeal is not the proper vehicle for review of the challenged orders.

The motion to dismiss the appeal is accordingly allowed.

*Appeal dismissed.*

Mr. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.